**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0096, <u>David Coleman, Jr. v. Thomas DeSteph</u>, the court on October 14, 2015, issued the following order:**

Having considered the brief and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Thomas DeSteph, appeals an order of the Circuit Court (<u>Burke</u>, J.) awarding damages to the plaintiff, David Coleman, in the amount of $370.54, the balance due on a construction contract, plus costs and interest. In its narrative order, the trial court found that the alleged deficiencies in the plaintiff's performance were either non-material or adequately remedied by the plaintiff. On appeal, the defendant argues that the trial court erred in failing to find that the plaintiff breached the contract by: (1) starting one day late, on a day when the defendant was not home; (2) using 5/8 inch plywood instead of 3/4 inch; and (3) failing to re-use undamaged insulation.

Only a breach of contract that is sufficiently material and important to justify terminating the transaction will excuse a non-breaching party's obligation to perform under the contract. <u>Fitz v. Coutinho</u>, 136 N.H. 721, 725 (1993). The refusal of a party to perform under a contract in response to a breach that is not material is itself a material breach of the contract. <u>See</u> <u>id</u>. Whether a breach of contract is material is a question of fact for the trial court to resolve. <u>See</u> <u>id</u>. We will uphold the trial court's findings and rulings unless they are unsupported by the evidence or erroneous as a matter of law, deferring to the trial court on matters such as resolving conflicts in the testimony, evaluating the credibility of the witnesses, and determining the weight to be given the evidence. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
